UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD, | No. 2:17-cv-2338 AC P |
| Plaintiff, | |
| v. | ORDER |
| F. MENDOZA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Mendoza, Grossjan, and Buckner violated plaintiff's Eighth Amendment rights when they refused to allow him to use the yard for inmates with disabilities, known as the ADA yard, and instead forced him to use the regular yard, which has three flights of stairs. ECF No. 1 at 3-5. Plaintiff is legally blind, suffers from a chronic seizure order, and has a no stairs order, which he also had on the day he was denied access to the ADA yard. Id. He also had an order allowing him to use the ADA yard. Id. As a result of being forced to use the regular yard, he fell and was severely injured. Id. Plaintiff asserts that the refusal to allow him to use the ADA yard was in retaliation for a previous disagreement he had with Mendoza and Grossjan. Id. at 3.

IV. Failure to State a Claim

A. Retaliation

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v.

1 | Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms

2 | that would not raise due process concerns.").

Plaintiff alleges that Mendoza and Grossjan were retaliating against him for a previous disagreement. ECF No. 1 at 3. However, there are no facts provided regarding the disagreement such that the court could find it constituted protected conduct. Protected conduct may include, for example, the filing of a grievance or court case. Nor are there facts showing how plaintiff knew defendants were denying him access because of the disagreement. Because plaintiff could potentially allege additional facts that would state a claim for retaliation, he will be given the option to amend the complaint.

B. <u>Americans with Disabilities Act (ADA)</u>

In order to state a claim under Title II of the ADA, plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). Additionally, Title II of the ADA does not provide a cause of action against defendants in their individual capacities. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)).

It is unclear whether plaintiff is attempting to allege that his rights under the ADA were

4

violated. On the current facts, it does not appear that he was denied access to the ADA yard because of his disability, but instead because of a personal grudge by defendants Mendoza and Grossjan. To the extent plaintiff may be attempting to allege a violation of his rights under the ADA, these claims will be dismissed with leave to amend.

V. Claims for Which a Response Will Be Required

A. Eighth Amendment – Deliberate Indifference to Safety

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S.8825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's allegations that Mendoza, Grossjan, and Buckner forced him to go to the regular yard for recreation is sufficient to state a claim for failure to protect under the Eighth Amendment. According to the complaint, defendants knew that plaintiff was not supposed to use the stairs, and by sending him to the regular yard, which had three flights of stairs, they knowingly failed to protect him from the risk of injury that stairs posed and purposely inflicted that danger upon him. Defendants will be required to respond to these claims.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state

cognizable claims for retaliation or ADA claims against defendants Mendoza, Grossjan, and Buckner. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Mendoza, Grossjan, and Buckner on his claim that they violated his rights under the Eighth Amendment or he may delay service and amend the complaint to attempt to fix his retaliation and ADA claims.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claims against defendants Mendoza, Grossjan, and Buckner without amending the complaint, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the retaliation and ADA claims against defendants Mendoza, Grossjan, and Buckner.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Motion for Service Documents

Plaintiff has filed a motion requesting that the court provide him with the paperwork necessary for service of the complaint. ECF No. 5. Because service of the complaint will depend on whether plaintiff chooses to go forward with the complaint as screened or to amend the complaint, the motion will be denied. If plaintiff chooses to go forward with the complaint as screened, he will then be provided with paperwork to complete and return to the court so that service can be ordered. If he chooses to amend the complaint, he will instead be provided with a complaint form so that he can complete and submit his amended complaint.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Your motion for service documents is denied because you first need to decide whether you want to go forward with the screened complaint or whether you want to amend the complaint.

Some of the allegations in the complaint state claims against the defendants and some do not. Your claims that Mendoza, Grossjan, and Buckner violated your Eighth Amendment rights when they made you go to the regular yard for recreation state a claim and will require a response.

To the extent you are trying to bring retaliation and ADA claims against the defendants, you have not provided sufficient facts to show that defendants' actions were because of some protected conduct or because you are disabled.

If you want, you can either (1) proceed immediately on your Eighth Amendment claims against defendants Mendoza, Grossjan, and Buckner and withdraw the other claims or (2) try to amend the complaint to state retaliation and ADA claims. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your retaliation and

ADA claims against defendants Mendoza, Grossjan, and Buckner.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for service documents (ECF No. 5) is denied.

4. Plaintiff's retaliation and ADA claims against defendants Mendoza, Grossjan, and Buckner are dismissed with leave to amend.

5. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Mendoza, Grossjan, and Buckner as set forth in Section V above, or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: May 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br><br>        Plaintiff,<br><br>   v.<br><br>F. MENDOZA, et al.,<br><br>        Defendants. | No. 2:17-cv-2338 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Mendoza, Grossjan, and Buckner without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his retaliation and ADA claims against defendants Mendoza, Grossjan, and Buckner.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                Craig Richard
                                              Plaintiff pro se

1