1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CRAIG RICHARD,                              No. 2:17-cv-2338 AC P

12                   Plaintiff,

13        v.                                     ORDER SETTING SETTLEMENT
                                                 CONFERENCE
14   F. MENDOZA, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  A settlement conference was held in this case on October 11,

19   2018, but was not successful.  ECF No. 26.  However, plaintiff has requested a further settlement

20   conference (ECF No. 28), and the court finds this case may benefit from an additional attempt at

21   settlement.  Therefore, this case will be referred to Magistrate Judge Edmund F. Brennan to

22   conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California

23   95814 in Courtroom #8 on January 10, 2019, at 10:00 a.m.

24          A separate order and writ of habeas corpus ad testificandum will issue concurrently with

25   this order.

26          In accordance with the above, IT IS HEREBY ORDERED that:

27          1.   This case is set for a settlement conference before Magistrate Judge Edmund F.

28   Brenan on January 10, 2019, at 10:00 a.m. in Courtroom #8 at the U. S. District Court, 501 I

                                                    1

Street, Sacramento, California 95814.

2.   A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

3.   Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4.   Each party shall submit a confidential settlement statement to chambers seven (7) days prior to the settlement conference.  Statements may be e-mailed to efborders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Edmund F. Brennan, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than seven (7) days prior to the settlement conference.  The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT."  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  However, each party shall file a one page document entitled Notice of Submission of Confidential Settlement Statement (see L.R. 270(d)).  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.  The parties may agree, or not, to serve each other with

---

[1]  While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ."  United States v. United States Dist. Court for the N. Mar. I., 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2

the settlement statements. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms. See L.R. 270.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a.   A brief statement of the facts of the case.

    b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.   A summary of the proceedings to date.

    d.   An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e.   The relief sought.

    f.   The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g.   A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

5. The Clerk of the Court is directed to provide plaintiff with a copy of Local Rule 270.

DATED: October 29, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3